IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| Rodolfo G. Pena-Perez<br>And<br>Canaima, LLC,<br><br>Plaintiffs,<br><br>-vs-<br><br>AAMCO TRANSMISSIONS, INC.,<br><br>Defendant. | Case Number:_____<br><br>COMPLAINT FOR<br>DECLARATORY AND OTHER<br>EQUITABLE RELIEF AND<br>DAMAGES<br><br>JURY TRIAL DEMANDED |

Plaintiffs Rodolfo F. Pena-Perez and Canaima, LLC bring this action and demands a jury trial against its franchisor, defendant AAMCO Transmissions, Inc., as follows:

Summary of Action:

1. Plaintiffs Rodolfo F. Pena-Perez and Canaima, LLC (hereinafter "Plaintiffs") operate as a franchisee of defendant AAMCO Transmissions, Inc., and Plaintiffs seek declaratory and other equitable relief and damages.

1

## The Parties

2.  Plaintiff Rodolfo F. Pena-Perez is an individual residing at all relevant times in the State of Georgia (hereinafter "Plaintiff Pena-Perez"). At all relevant times Plaintiff Pena-Perez has been a franchisee of defendant AAMCO Transmissions, Inc., under a franchise agreement for an AAMCO location in Cartersville, Georgia.

3.  Plaintiff Canaima, LLC is a Georgia limited liability corporation organized in the State of Georgia (hereinafter "Plaintiff Canaima"). Currently Plaintiff Pena-Perez is the sole member . At all relevant times Plaintiff Canaima has been a franchisee of defendant AAMCO Transmissions, Inc., under a franchise agreement for an AAMCO location in Cartersville, Georgia.

4.  Defendant AAMCO Transmissions, Inc. is a Pennsylvania corporation with its principal place of business located in Horsham, Pennsylvania. (hereafter "Defendant AAMCO").

## Jurisdiction and Venue

5.  Federal diversity jurisdiction exists pursuant to 28 U.S.C. Section 1332, in that complete diversity exists among the parties and the claims alleged herein

involve a controversy in excess of $75,000. Plaintiff Pena-Perez is a Georgia resident and Plaintiff Canaima is a Georgia corporation, while Defendant AAMCO is a Pennsylvania corporation with its principal place of business in Horsham, Pennsylvania.

6. Defendant AAMCO is subject to personal jurisdiction in Georgia as it has offered and sold multiple franchises to be operated in Georgia, including the franchise agreement with Plaintiffs, and Defendant AAMCO conducts business in Georgia with those franchisees and receives revenues from the Georgia franchises including that of the Plaintiffs.

7. A substantial part of, if not all of, the events giving rise to the claims of Plaintiffs arose in this district as Plaintiffs were only authorized to conduct business under the franchise agreement from their location in Cartersville, Georgia. In addition Defendant AAMCO is subject to personal jurisdiction in this district, providing proper venue pursuant to 28 U.S.C. Section 1391.

General Allegations

8. Defendant AAMCO is a franchisor offering franchise agreements in various

states to franchisees to operate a business providing automobile repair services to the public using AAMCO trademarks.

9.   On or about October 23, 2012, Defendant AAMCO offered and entered a franchise agreement with Plaintiff Pena-Perez for a franchise location at 842 Joe Frank Harris Parkway, Cartersville, Georgia. An unsigned copy of the above franchise agreement is attached hereto as Exhibit "A" and incorporated by reference as though fully set forth herein (hereinafter the "Franchise Agreement").

10.   The Franchise Agreement, Exhibit "A," was a non-negotiable form agreement presented to Plaintiff Pena-Perez on a take it or leave it basis, which Plaintiff Pena-Perez signed as presented.

11.   Plaintiff Canaima, LLC purchased the AAMCO business and its assets, located at 842 Joe Frank Harris Parkway, Cartersville, Georgia, on or about November 8, 2012.

12.   Plaintiffs properly performed under the Franchise Agreement, including following the business model, training, and practices of AAMCO, providing reports and

paying royalties and other sums due to defendant AAMCO, from the inception of the business in late 2012 until May 2014.

## FIRST CAUSE OF ACTION

### (Breach of Written Contracts)

13. Plaintiffs reallege and incorporate by reference paragraphs 1-12, above inclusive, as though fully set forth herein.

14. Plaintiffs have performed all of the conditions and performance required under the Franchise Agreements.

15. Defendant AAMCO has breached the Franchise Agreement, or the covenant of good faith and fair dealing therewith, by failing to perform and/or negligently performing its duties of the Franchise Agreement, specifically, but not limited to, repeatedly failing to perform its duties under section 6.1.

16. As a direct and proximate result of defendant AAMCO's above breaches, Plaintiffs have been damaged in a sum not yet fully known but in excess of

$75,000. Plaintiffs will set forth such sums when more fully known or at time of trial.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## SECOND CAUSE OF ACTION

### (Unjust Enrichment)

17. Plaintiffs reallege and incorporate by reference paragraphs 1-16, above inclusive, as though fully set forth herein.

18. Plaintiffs have suffered tremendous losses throughout their ownership of the AAMCO franchise as a result of the breaches of Defendant AAMCO. Despite the breaches by Defendant AAMCO, and the dire financial situation of the Plaintiffs, the Defendants continued to withdraw weekly franchise fees from the Plaintiffs, unjustly enriching themselves at Plaintiffs' expense.

19. Defendant AAMCO has been unjustly enriched and has otherwise received revenues which should be held in trust and disgorged, including the monies paid by Plaintiffs which monies should be returned to them by restitution, disgorgement or

other equitable remedies.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## THIRD CAUSE OF ACTION

### (Declaratory Relief)

20.     Plaintiffs reallege and incorporate by reference paragraphs 1-19, above inclusive, as though fully set forth herein.

21.     An actual controversy has arisen and now exists between Plaintiffs and Defendant AAMCO regarding the respective rights and duties under the Franchise Agreement in that Plaintiffs contend that the choice of law, venue, arbitration and non-compete provisions are unconscionable and against public policy of the State of Georgia in that Defendant AAMCO has authorized Plaintiffs to operate an AAMCO franchise solely in Georgia, but Defendant AAMCO has placed an out of state venue clause and choice of law clause which would void public policy provisions of Georgia law.  In addition the Franchise Agreement contains a mandatory arbitration clause that is unconscionable and against public policy of the State of Georgia.

22. A judicial declaration is necessary and appropriate at this time under all circumstances so that Plaintiffs may determine the rights and duties of the parties.

23. Without a declaration, Plaintiffs will be injured or damaged.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant AAMCO Transmissions, Inc. as follows:

a. For temporary, preliminary and permanent injunctions and a declaration of rights, including injunctions from enforcing the choice of law, venue, arbitration and non-compete provisions of the Franchise Agreements;

b. For general and special damages accordingly to proof;

c. For reasonable attorney's fees;

d. For costs of suit; and

e. For such other and further relief as the court deems just and reasonable.

**PLAINTIFFS REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 19th day of May, 2014,

By: _____

Edward "Ted" Silverbach
Attorney for Plaintiffs
Georgia Bar No.: 214078

**THE SILVERBACH GROUP, LLC**
2910 CHEROKEE STREET
SUITE 101
KENNESAW, GEORGIA 30144
P: 770-635-0334
F: 770-635-0340
TED@SILVERBACHLAW.COM